UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CANDI M. SCHUTRUM,

                              Plaintiff,

v.                                            Civil Action No. _____

GC SERVICES, LIMITED PARTNERSHIP,

                              Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Candi M. Schutrum, is a natural person residing in the County of Orleans and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, GC Services, Limited Partnership, is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendants or an employee of said Defendants.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff does not owe the debt that Defendant is collecting on.

10. Upon information and belief, an unknown person by the name of "Patrice Evans" owes a debt. This debt will be referred to as the "subject debt."

11. Upon information and belief, the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. "Patrice Evans" is unknown to Plaintiff, does not live with Plaintiff, and does not share a telephone number with Plaintiff.

13. Upon information and belief, Defendant was employed by the original creditor or current account holder to collect on the subject debt owed by "Patrice Evans."

14. In or about March, 2012, Defendant began calling Plaintiff's cellular telephone number multiple times per week, often multiple times per day, in an attempt to collect on the subject debt from "Patrice Evans."

15. Plaintiff repeatedly told Defendant that she was not "Patrice Evans" and that Defendant had the wrong telephone number. Plaintiff also repeatedly asked Defendant to remove her number from their system. Defendant indicated they would take Plaintiff's telephone number out of their system.

16. Defendant continued to call Plaintiff, despite knowing they had the wrong number for the debtor.

17. In or around May, 2012, Plaintiff's husband called the Defendant, demanding that Defendant stop calling Plaintiff. Defendant told Plaintiff's husband they would take Plaintiff's number out of their system.

18. That on the same day as the conversation reiterated in Paragraph 17, Defendant again called the Plaintiff's cellular telephone at 10:37 p.m.

19. Defendant continued to call Plaintiff and in or about August, 2012, Defendant again called Plaintiff and asked for "Patrice Evans". Plaintiff missed the call. Because she was extremely frustrated, Plaintiff returned Defendant's call in an effort to get Defendant to stop calling her. During said conversation, Plaintiff again told Defendant

that she was not "Patrice Evans.' Defendant asked for Plaintiff's name, which she gave. Defendant accused Plaintiff of lying, stating that Plaintiff sounded like "Patrice Evans", and Defendant insisted that they had spoken with "Patrice Evans" from Plaintiff's telephone number back in February, 2012, a false statement. Defendant continued to argue with Plaintiff, insisting that she was in fact "Patrice Evans", and hung up on Plaintiff.

20. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

21. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A.   Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), by repeatedly causing Plaintiff's telephone to ring and repeatedly engaging Plaintiff in telephone conversations. The natural consequence of such action was to harass, oppress, and abuse the Plaintiff through an unfair and unconscionable attempt to collect the subject debt.

   B.   Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), by using abusive language and by hanging up on Plaintiff as described in paragraph 19.

   C.   Defendant violated 15 U.S.C. §1692c(a)(1) by calling the Plaintiff's cellular telephone after 9:00 p.m.

   D.   Defendant violated 15 U.S.C. §1692c(b) by contacting Plaintiff concerning a debt not owed by Plaintiff.

   E.   Defendant violate 15 U.S.C. §1692e, 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by stating to Plaintiff that she had spoken with the debtor from Plaintiff's telephone in the past, and by using unfair or unconscionable means to collect or attempt to collect the subject debt.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  September 11, 2012

      /s/ Kimberly T. Irving_____
Kimberly T. Irving, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: kirving@kennethhiller.com
      khiller@kennethhiller.com